# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADDICTION & DETOXIFICATION INSTITUTE, LLC, a New Jersey Limited Liability Corporation | ) ) ) ) Civil Action No. |
| Plaintiff, | ) ) |
| v. | ) ) |
| KINDRED HEALTHCARE, INC., a Texas Corporation, | ) ) ) ) |
| Defendant. | ) |

## FIRST COMPLAINT

Plaintiff, Addiction & Detoxification Institute LLC ("ADI") for its Complaint for Patent Infringement against Defendant Kindred Healthcare, Inc., (hereafter "Kindred" or "Defendant"), alleges as follows:

## PARTIES

1. Plaintiff ADI is a New Jersey corporation having an address located at One South Center Street, Suite 202, Merchantville, New Jersey.

2. On information and belief, Defendant Kindred has an address located at 1802 Highway 157 N., Mansfield, Texas 76063 and operates Texas Opiate Detoxification Specialist, LLC, ("ODS") under www.texasopiatedetox.com, 773-883-3906.

3. On information and belief, Defendant has engaged, and is engaged, in the operation, use, and offering for sale within the United States of opiate detoxification services and methods, including, but not limited to, anesthesia assisted opiate detoxification services and methods.

1

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

5. This Court has subject matter jurisdiction to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d), and 1400(b).

6. On information and belief, Defendant is subject to personal jurisdiction in the Northern District of Illinois, the ("District"), consistent with the principles of due process, because Defendant by way of John Epperly and Texas Opiate Detoxification Specialists, LLC, ("TODS") and through its address at www.texasopiatedetox.com, 773-883-3906, offers their products, services, and methods for sale, and do sell same, in this District, have transacted business in this District, have committed and/or contributed to and/or inducted acts of patent infringement in this District.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d), and 1400(b).

## PATENT INFRINGEMENT COUNTS

8. ADI is the owner of all right, title, and interest in U.S. Patent No. 5,789,411 (the "'411 patent") ("ADI Patent") which Defendant has and/or is infringing and/or are contributorially infringing and/or inducing others to infringe by using, offering to sell, and/or selling methods and services that practice one or more inventions claimed in the ADI Patent. A copy of the '411 patent is attached hereto as Exhibit A.

9. Defendant has constructive knowledge of the '411 patent which was duly issued by the United States Patent and Trademark Office on August 4, 1998, and actual notice of the '411 patent by way of Texas Opiate Detoxification Specialists, LLC being

named Defendant in an infringement action of the '411 patent in 11-CV-05947 currently pending in the Northern District of Illinois, Eastern Division.

10. On information and belief, Defendant has practiced and/or is practicing the subject matter, including each and every element thereof, recited in at least method claim 1 of the '411 Patent, without authorization, by making, using, selling, and/or offering to sell said claimed method and/or otherwise treating patients thereby, and/or has contributed or induced others to make, use, sell and/or offering to sell said claimed method and/or otherwise treating patents thereby with specific intent to do so and has continued to do so despite its knowledge of the '411 patent and it is believed that discovery shall uncover additional infringement(s) by said Defendant of additional claims of the '411 Patent.

11. Defendant has profited through infringement, direct and/or indirect, of the ADI '411 Patent. As a result of Defendant's unlawful infringement of the ADI Patent, ADI has suffered and will continue to suffer damage. ADI is entitled to recover from Defendant the damages suffered by ADI as a result of Defendant's unlawful acts.

12. On information and belief, Defendant's infringement, direct and/or indirect, of one or more of the claims in the ADI Patent is willful and deliberate, entitling ADI to enhanced damages and reasonable attorney's fees and costs.

13. On information and belief, Defendant intents continue its unlawful infringing activity, and ADI continues to and will continue to suffer irreparable harm, for which there is no adequate remedy at law, from such unlawful infringing activity unless Defendant is enjoined by this Court.

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 5,789,411

14. ADI alleges and incorporates by reference the allegations set forth in paragraphs 1-13.

15. ADI is the owner of all right, title, and interest in the '411 Patent, entitled "Improvements to Rapid Opiate Detoxification", duly and properly issued by the U.S. Patent and Trademark Office on August 4, 1998. A copy of the '411 Patent is attached as Exhibit A.

16. Defendant has been and/or is currently directly infringing and/or inducing infringement of and/or contributorially infringing the '411 Patent by, among other things, making, using, selling, offering to sell in the United States methods and services that are covered by at least one claim of the '411 Patent and/or contributing and/or inducing others to make, use, sell, or offering to sell in the United States methods and services that are covered by at least one claim of the '411 Patent with specific intent to do so despite its knowledge of the '411 Patent.

### DEMAND FOR JURY TRIAL

17. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, ADI respectfully requests a trial by jury of all issues properly triable by jury.

### PRAYER FOR RELIEF

WHEREFORE, ADI prays for relief as follows:

A. For a judgment declaring that Defendant has infringed the ADI Patent;

B.  For a judgment awarding ADI compensatory damages as a result of Defendant's infringement of the ADI Patent and in no event less than a reasonable royalty;

C.  For a judgment declaring that Defendant's infringement of the ADI Patent has been willful and deliberate.

D.  For a judgment awarding ADI treble damages and pre-judgment interest under 35 U.S.C. §§ 284 as a result of Defendant's willful and deliberate infringement of the ADI Patent;

E.  For a judgment declaring that this case is exceptional and awarding ADI its expenses, costs, and attorneys' fees in accordance with 35 U.S.C. §§ 284 and 285 and Rule 54 of the Federal Rules of Civil Procedure;

F.  For a grant of a permanent injunction pursuant to 35 U.S.C. §§ 283, enjoining the Defendant from further acts of infringement; and

G.  For such other and further relief as the Court deems just and proper.

DATED THIS ___11___ DAY OF JULY, 2014

Respectfully submitted,

By: Thomas K. Mirabile
Plaintiff's Attorney

Thomas K. Mirabile
Mirabile Law Firm
1751 South Naperville Road
Suite 203
Wheaton, Illinois 60189
lawchicago@earthlink.net

**CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2014, pursuant to Federal Rules of Civil Procedure Rule 5 and the Northern District of Illinois' General Order on Electronic Case Filing, I caused the following documents:

FIRST COMPLAINT
EXHIBIT A

to be filed electronically with the Clerk of the Court through ECF, and that Summons will be served to the registered agent of Kindred Healthcare as follows:

THE CORPORATION TRUST COMPANY
CORPORATION TRUST CENTER 1209 ORANGE ST, Wilmington, New Castle, DE 19801
(302)658-7581

Dated: July 11, 2014

Respectfully submitted,

_____
Thomas K. Mirabile
Attorney for Plaintiff

**Thomas K. Mirabile**
Mirabile Law Firm
1751 South Naperville Road
Suite 203
Wheaton, Illinois 60189
Email: lawchicago@earthlink.net

6
9